O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CV 14-03884 DDP (Ex) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE** |
| | ) | |
| v. | ) | |
| | ) | (DOCKET NUMBER 18) |
| IVAN M. FORBES; ELKE J. FORBES, | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the Court is Plaintiff's motion to strike Defendants' responsive document in its entirety as immaterial or impertinent. Having considered the parties' submissions, the Court adopts the following order.

**I.   BACKGROUND**

Defendants Ivan and Elke Forbes did not file United States federal tax returns for the years 2002-2006. (Compl. ¶¶ 8-9.) Plaintiff United States of America has assessed back taxes and penalties against Ivan and Elke in the amounts of $108,985.34 and $22,261.83, respectively. (Compl. ¶¶ 10-16.) It now seeks to reduce the assessments to judgment.

Defendants have filed with the Court a "Response to Summons and Complaint," which Plaintiff takes as an answer but which could also be read as a motion to dismiss for lack of jurisdiction. (Dkt. No. 8.[1])  Plaintiff moves to strike this "Response" as immaterial and/or impertinent under Fed. R. Civ. P. 12(f).

## II.  LEGAL STANDARD

A court may strike any "redundant, immaterial, impertinent, or scandalous matter" from a pleading.  Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) rev'd as to other matters, 510 U.S. 517 (1994).

## III. DISCUSSION

Striking is "generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic."  RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005).  Striking a pro se defendant's responsive pleading in its entirety, in particular, is a drastic step that the Court is reluctant to entertain.

Nonetheless, in this case, that step is warranted. Defendants' "Response" is utterly non-responsive to the Complaint. To the extent that it makes cognizable arguments, they appear to be three in number.  First, Defendants assert that they live in the

---

[1] Defendants were served with the Complaint on May 29, 2014. The "Response" document was filed on June 24, 2014.  Whatever its nature, the Court notes that it was filed outside the deadline established by Fed. R. Civ. P. 12(a)(1)(A)(i).

2

"Republic of California without UNITED STATES" and that they "transact at arm's length with 'this State' and do not accept the liability or duty of the compelled benefit of any unrevealed contract, commercial agreement or implied trust relationship." ("Response" ¶¶ 1, 4.)  They demand that "the plaintiff . . . produce the written contract that the court presumes to be administering so that we may inspect it for authenticity and to determine iny duties and obligations that we may have under said contract."  (<u>Id.</u> at ¶ 10.)  The gravamen of this argument appears to be that they are not part of the United States and do not recognize the authority of the United States government over them except through mutually-agreed contract.

The Court rejects this argument as a cognizable defense. California is one of the United States.  <u>See</u> An Act for the Admission of the State of California into the Union, 9 Stat. 452 (1850); <u>compare</u> Cal. Const., preamble (1849) ("We, the people of California . . . ."), <u>with</u> Cal. Const., preamble (1879) ("We, the People of the State of California . . . .").  United States federal law is the "supreme Law of the Land" in the States.  U.S. Const., art. VI, cl 2.  <u>See also</u> <u>Martin v. Hunter's Lessee</u>, 14 U.S. 304, 324-25, 4 L. Ed. 97 (1816) ("There can be no doubt that it was competent to the people to invest the general government with all the powers which they might deem proper and necessary . . . and to give them a paramount and supreme authority.").

Defendants are (admittedly) residents of California, a State of the United States; hence they are subject to United States law. Because any argument otherwise "has no essential or important relationship to the claim for relief or the defenses being

3

pleaded," the Court finds such arguments and any matter surrounding them to be immaterial.

Defendants' second apparent argument is that the Court itself does not have jurisdiction to hear the case, and/or that venue is improper. ("Response," ¶¶ 12, 17. See also Dkt. No. 21.) This is a cognizable defense; however, Defendants present no facts or argument suggesting that jurisdiction or venue is improper. Indeed, Defendants do not even plead or allege that jurisdiction actually is improper; rather, they simply state that they "suspect[]" it to be so. They also provide, mid-document, a discourse on "Elements of Jurisdiction." But these "Elements" do not correspond to any cognizable jurisdictional argument, and seem instead to be mostly concerned with due process. These defenses appear to be nothing more than a "series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist." Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010).

Defendants also do not allege any actual violations of due process, which might be considered their third argument. Rather, they "find," conclusorily, that "the plaintiff has not properly identified the accused," "the accuser is not properly named," "the plaintiff has made no proper verification of the accusation sworn under penalties of perjury," and "the accuser has not complied with law, procedure, and form in bringing the charge and therefore served defective process." (Id. at ¶¶ 13-16.) Again, Defendants provide no factual or legal basis for these apparent defenses. The Court interprets Defendants' language liberally, but even so, the

4

arguments amount to nothing on their face. Defendants have been sufficiently identified, as evidenced by the fact that they are well aware that there is a court proceeding against them. Plaintiff is also sufficiently identified as the United States of America. Plaintiff is not required, at the pleadings stage, to provide sworn declarations with its complaint. Finally, Defendants identify no cognizable defect in Plaintiff's service of process.

As to the first three issues, Defendants have given no hint as to any "set of circumstances" under which their defenses could succeed. Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002). Hence, these defenses are "insufficient" within the meaning of Rule 12(f). As to the fourth, although improper service is a cognizable argument, Defendants' allegation is simply conclusory, and Defendants point to no fact showing improper service. ("Response" ¶¶ 5-7.)

Finally, other parts of the "Response" are simply cryptic: e.g., "since plaintiff has not enjoined Ivan and Elke, the man and woman real parties, we must return the court documents to avoid the penalty of false impersonation." (Compl. at ¶ 18.) Because they do not bear any relationship to any asserted claim or defense, they are immaterial.

When all such material is stripped away from the "Response," there is so little left that the document cannot function as a pleading. Therefore, the Court finds it appropriate to strike the document in its entirety.

**IV. CONCLUSION**

Dkt. No. 8 is hereby STRICKEN. Defendants are given leave to file an answer to the Complaint not later than ten days from the

5

effective date of this order.  Failure to do so may result in a judgment of default.

IT IS SO ORDERED.

Dated: November 5, 2014

DEAN D. PREGERSON
United States District Judge

6