O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CV 14-03884 DDP (Ex) |
| Plaintiff, | ) | **ORDER GRANTING DEFAULT JUDGMENTS** |
| v. | ) | [Dkt. Nos. 40, 41] |
| IVAN M. FORBES; ELKE J. FORBES, | ) | |
| Defendants. | ) | |

   Presently before the court are Plaintiff's motions for default judgment as to each of the two Defendants.  Having considered the parties' submissions, including previous filings in this case, the Court grants the motions.

   This case arises out of a complaint by the United States for judgment on allegedly delinquent taxes.  Plaintiff has properly served on Defendants its complaint and a summons required an answer. (Dkt. Nos. 1, 2, 6, 7.)  Defendants have filed two "responses" to the complaint.  (Dkt. Nos. 18, 27.)  The first response did not deny or accept any of the allegations in the complaint; nor did it present any cognizable defenses.  The Court

therefore struck the response on motion from the Plaintiffs and, taking into account that Defendants are not represented by counsel, gave Defendants leave to amend their pleading. (Dkt. No. 25.) The second response, much like the first, was not responsive to the complaint. It presented many of the same arguments as the first document and did not state any sufficient defenses. The Court therefore struck the second response as well. (Dkt. No. 30.)

Because Defendants have not presented any pleading responsive to the complaint in the eight months since the complaint was filed, nor otherwise alleged any factual or legal defenses to Plaintiff's claim, the Court finds that default judgment is warranted.

In doing so, the Court considers the factors listed by the Ninth Circuit in Eitel v. McCool:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

782 F.2d 1470, 1471-72 (9th Cir. 1986).

As to the first factor, the collection of the taxes allegedly due has already been delayed by a number of years, and further delay can only prejudice Plaintiff's interest. As to the second, third, and fifth factors, Plaintiff presents a plausible claim and credible evidence that the alleged taxes are in fact owed. (See Declarations of Philip Conrad filed with Dkt. Nos. 40 & 41.) Defendants have not alleged mistake on the government's part, nor

that they have some excuse for nonpayment.  Thus, the Court finds that Plaintiff's complaint is sufficient, that the claim appears to be meritorious, and that Defendants have not disputed the relevant material facts.  The default does not seem to be due to excusable neglect, as Defendants have had notice of the complaint and present no argument that they were in any way hindered from presenting facts or arguments that would establish their non-liability.

All the above factors weigh in favor of granting default judgment.  While the amount in question is considerable – especially as to Ivan Forbes – and cases should be decided on the merits where possible, those factors do not, here, outweigh the factors favoring default judgment.

Therefore, the motions for default judgment are GRANTED.

IT IS SO ORDERED.


Dated: January 23, 2015

DEAN D. PREGERSON
United States District Judge

3